### ST. LUKE'S CHURCH v. WITTERS et al.

#### (Circuit Court, D. Vermont. March 13, 1893.)

EXECUTORS—TRUSTEES—RIGHTS OF BENEFICIARIES TO FOLLOW PROPERTY.

> The beneficiary of a permanent fund intrusted by a will to the executor, with sole and exclusive power of investment, and not made a charge upon any property, cannot follow into the hands of a third person property derived from the estate, which the executor transferred in his individual capacity after a decree of the probate court on settlement of the accounts, ordering payment of this and other legacies.

In Equity. Bill by St. Luke's Church against Chester W. Witters, as receiver of the First National Bank of St. Albans, and others, to reach assets alleged to be a portion of the estate of Susan B. Bellows, and have the same applied to a trust fund created by the will. Bill dismissed.

H. Charles Royce, for orator.
Chester W. Witters, pro se.

WHEELER, District Judge. Susan B. Bellows bequeathed $5,000 to Edward A. Sowles, her executor, with full, sole, and exclusive power of investment as a permanent fund, the annual interest to go towards the expenses of the orator church, without bonds. This bill is brought to reach alleged assets of the estate in the hands of the defendant Witters, as receiver of the First National Bank of St. Albans, for the benefit of this fund, and has been submitted upon the same evidence as Sowles v. Bank, 54 Fed. Rep. 564, (heard at this term.) For the reasons given in that case, and others in relation to this subject, the bill must be dismissed.

Further, March 31, 1881, with ample assets in the hands of the executor, payment of this legacy, with others, was decreed by the probate court of the state, having jurisdiction. The substance of the complaint is that the executor afterwards became insolvent, and this legacy is unpaid. The probate court could do no more than it did about decreeing payment; and no more could be done about payment than that the executor should have in his hands, as trustee, the amount of this bequest, which he did, for he was both, and had enough for all. The legacy was not charged upon any of the property, and the trustee did not invest this bequest with the bank. Nothing is alleged about investment, but as the trustee had the amount of the legacy to invest somewhere, if he did not invest it

elsewhere, he must have left it invested with himself. He had, by the will, absolute control. The church does not seem to have a right to follow the rest of the estate for want of a safe investment of its legacy, merely. Bill dismissed.